(No. 75-CC-0977—)

FELIX J. DE STAFANO, Claimant, *v.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 26, 1978.*

ERBACCI, SYRACUSE & CERONE, by ANTHONY ERRACCI, Attorneys for Claimant.

WILLIAM J. SCOTT, Attorney General; JAMES STOLA, Assistant Attorney General, for Respondent.

HOLDERMAN, J.

Claimant brings this action under his amended complaint for wages alleged to be due him for a 30 day

period starting January 15, 1973, and ending February 15, 1973.

The facts are not controverted. Claimant was appointed to a position as a factory inspector with the Department of Labor, Division of Safety Inspections & Education on July 16, 1972. His pay scale was $668.00 per month and he was paid up to January 15, 1973.

In addition to the wages paid to him, Claimant was entitled to an expense allowance for travel and in fact was paid his expense allowance for the period in question — from January 15, 1973, to February 15, 1973. The voucher was submitted on February 15, 1973, and Claimant was thereafter paid for all but three days during that period, during which three days he was assigned to the office.

Claimant reported to his office for work each work day during the period up to and including February 15, 1973, and performed his assigned work.

On February 17, 1973, Claimant received a letter from the Department of Labor, dated January 23, 1973, and postmarked February 17, 1973, stating that effective as of January 15, 1973, his services had been terminated.

The Personnel Actions Report signed by the Director of Personnel indicates that the severance action was taken and approved on January 29, 1973. It indicated that the type of personnel action taken was "Termination — Temporary Appointment (Non Certified)."

This Court entered an order in this case on September 23, 1976, which, in pertinent part, states as follows:

"Claimant's proposed amendment complaint states that the employment and services for which recovery is sought ended on the 15th day of February, 1973, and that he has been paid for services rendered up to and including the 15th day of January, 1973. This complaint further alleges that

on the 15th day of February,1973, the Department of Labor mailed to Claimant a letter, dated January 23, 1973, to the effect that as of January 15, 1973 the services of Claimant had been terminated. The complaint further alleged that on the 15th day of January, 1973, Claimant presented his travel voucher to the Department for the month of January, 1973, and it was paid.

It appears to the Court that if the items set forth in the proposed amended complaint are true, this will create an entirely different situation than was presented heretofore, and that if Claimant's contention is correct and he did not receive the letter of termination dated January 23, 1973, until February 15, 1973, then he would be entitled to compensation for the period of January 15, 1973, to February 15, 1973."

In fact, Claimant did substantially prove all of the allegations of his complaint. He is entitled to be paid for the 30 day period for work performed as an employee.

The State contends and cites cases to the effect that any payment made by the State of Illinois must be properly authorized. With this Rule of Law, we agree. However, we cannot agree with the State's contention that the authority to pay ended on January 15, 1973, as evidenced by the Notice of Termination. The Notice of Termination cannot have a retroactive effect. The termination action was not taken until January 29, 1973, and not communicated to the Claimant until on or about February 17, 1973. Thus the authority to pay continued until February 17, 1973. To hold otherwise is to allow the State to retroactively terminate any employee and even to allow the State to recover sums paid to employees after the retroactive date. This, of course, is patently absurd.

The State further contends that a recovery based on quantum meruit cannot be had from the State of Illinois. Again, this Rule of Law is not applicable to the case at hand. Claimant worked as an employee, at a stated wage, and his termination took legal effect at the end of the disputed period of time.

The most serious contention of the State is that

Claimant was hired as a temporary employee and that, according to Section 8b 9 of the Personnel Code, Ill. Rev. Stat. Ch. 127, Para. 62b 108b.9,

". . . Temporary appointments may be made for not more than six months . . . No position in the State service may be filled by temporary appointment for more than six months out of any 12 month period."

The only evidence in the record that the Claimant was employed as a temporary employee was the "Personnel Action Report" which terminated the Claimant. We cannot give much credence to this document, in view of the manner of its production, the confusion of dates, and its attempted retroactivity. As a further example of its unreliability, this notice indicates that the "pay amount" was $639.00 per month when, in fact, other documents and the sworn testimony indicates the pay scale was $668.00 per month.

Further, if he was indeed a temporary employee and not allowed to be employed beyond six months, why did the Department approve and pay his travel expenses for the period involved? The State has made no explanation of this most convincing circumstance.

Claimant is thefore entitled to be paid for the final 30 days of his service.

Claimant is hereby awarded the sum of $668.00, plus employer contributions of $80.49.